PRATHER, Justice,
for the Court:
At issue in this appeal is whether John W. McGowan, appellant, was engaged in the oil field service business as contemplated by the Mississippi Sales Tax Law and, if so, whether the personal property consumed in performing these services is included in defining “gross income” in the Sales Tax Law.
The Chancery Court of the First Judicial District of Hinds County affirmed an additional sales tax assessment of thirteen thousand six dollars and sixty-nine cents ($13,006.69) levied by the Mississippi State Tax Commission against John W. McGowan. Feeling aggrieved, McGowan appealed assigning as error the following:
The court erred in finding that the sales tax assessed against John W. McGowan for which recovery is sought was properly and legally assessed and denying plaintiff’s prayer for refund of the same and dismissing McGowan’s complaint as amended.
This Court disagrees and affirms the decision of the Hinds County Chancery Court.
STATEMENT OF THE FACTS
During the period of time between January 1, 1982 and December 31, 1984, John W. McGowan was engaged in the business of developing, drilling, producing and marketing oil. As a part of his business enterprise, McGowan acted as operator for approximately sixty (60) wells and was so designated by the State Oil and Gas Board. The majority interest in these wells was owned by McGowan. The balance of the working interest was owned by employees of McGowan and various other individuals and corporations.
McGowan entered into operating agreements with the various working interest owners. These agreements in essence provided that McGowan was to perform all *427 functions relating to the operation of the oil wells. This would include, among other functions, paying bills, performing engineering services, setting up pumping units, running casings, and hiring certain contractors to perform a particular oil field service as opposed to performing the same himself. In addition, the agreements provided that McGowan, as operator, was to charge the other co-owners for their proportionate share of the costs incurred in operating the well. McGowan alleged that he received no profit from performing these services.
McGowan claims he is not in the operating business. He contends he operates as agent for the other working interest owners only as an accommodation, purchasing the necessary equipment and supplies and performing all services necessary for the well’s operation. McGowan then bills the other working interest owners their pro-rata portion of the total unit expense. This unit expense included all expenditures made by McGowan plus his overhead in performing the service.
During the latter part of 1984, the Mississippi State Tax Commission audited McGowan’s records and found that McGowan was in the oil field service business. In computing the sales tax, the auditor determined the gross income derived by McGowan in performing oil field services for the other working interest owners. McGowan filed returns and paid tax on that portion of his gross income billed out to co-owners for what he considered to be general overhead. This would include such items as salaries, office rent, utilities, and office equipment. McGowan had not paid sales tax on the income received from the other co-owners representing reimbursements for social security taxes, unemployment taxes, workmen’s compensation expenses, employee bonuses, insurance and personal property used in performing the service. By including these items in gross income, an additional assessment of $27,747.00 was made.
The Commission assessed sales taxes on that portion of the expenses billed by McGowan to the other working interest owners. The Commission did not assess tax on McGowan’s pro-rata share of the expenses as the Commission deems McGowan under these circumstances to be performing oil field services for himself and thereby not generating taxable income.
McGowan concedes that charges to co-owners for general overhead is properly taxable as an oil field service, but asserts that the Commission is in error by including charges to co-owners for the costs of equipment, supplies and other tangible personal property used and consumed by McGowan in performing his taxable service. He appealed this assessment through the administrative appeal process seeking a refund of $13,006.69, representing the additional tax attributable to the inclusion of the cost of personal property used and/or consumed in performing the oil field service which was purchased by McGowan and rebilled to the other owners.
It is McGowan’s position that he is acting as the agent of the other working interest owners in purchasing these supplies and that the only taxes due on these items are those sales taxes paid at the time of purchase from the vendor. The Commission contends that the law assesses the tax on the total gross income of someone engaged in the oil field service business which thereby mandates the inclusion of the costs of those supplies.
WAS THE SALES TAX ASSESSMENT AGAINST JOHN W. McGOWAN PROPERLY AND LEGALLY ASSESSED?
In reviewing the briefs of these parties this Court holds that the Tax Commission’s interpretation of the statutes affecting this case is correct, and this Court adopts its brief’s reasoning.
Initially, the question to be answered is whether McGowan is engaged in the oil field service business as contemplated in Miss.Code Ann. § 27-65-9 (1972), which defines business as meaning:
[A]ll activities or acts engaged in ... for benefit or advantage, either direct or indirect, and not exempting subactivities in connection therewith. Each of such su-bactivities shall be considered business *428 engaged in, taxable in the class in which it falls.
“Business” shall include the activity or activities of a person in this state performing a service under contract or agreement with another person when the service performed is taxable under the provisions of this chapter.
In the case of Brady v. Getty Oil Co., 376 So.2d 186 (Miss.1979), this Court was faced with a question not unlike the instant case. In Getty, this Court held that the tax was properly imposed upon the business activity of Getty in providing oil field services as co-owner/operator for itself and other co-owners and in collecting expenses therefor. This Court, in reaching its decision, rejected Getty’s contentions that it made no profit on the activity of operating the co-owner/operator business of providing oil field services in producing and marketing the oil and gas and that the co-owners simply reimbursed it pro-rata for expenses incurred.
The criterion expressed in the statute is “gain, benefit, or advantage,” not “profit”: Getty at 188 (quoting Market St. Ry. Co. v. Cal. St. Bd. Equal., 137 Cal.App.2d 87, 95, 290 P.2d 20, 25 (1955). McGowan alleges that a distinction must be made between an “operator” and an “operating company,” and that an operating company is the only one in the business of providing a service, since they are in the business of operating someone else’s well for a profit. Such a distinction is unsupported by the statutory definition.
The “business” definition further provides that the term includes the activities of a person performing a service under contract with another person when the service performed is taxable under the sales tax law. The services provided by McGowan would be taxable had they been performed by an independent contractor. McGowan also entered into operating agreements with the co-owners holding McGowan responsible for the total operation of the well. This included providing oil field service himself or retaining an independent contractor to provide same. It is clear, therefore, that McGowan was engaged in business as defined by § 27-65-9, Miss.Code Ann. (1972) and provides a service taxable under the sales tax law.
Having concluded that McGowan was in the oil field service business, the next step is to review Miss.Code Ann. § 27-65-13 (1972), which imposes the sales tax on the privilege of engaging in that business and further which statute specifies that the tax should be ascertained and/or computed in accordance with the other sections of the chapter. This statute provides:
There is hereby levied and assessed, and shall be collected, privilege taxes for the privilege of engaging or continuing in business or doing business within this state to be determined by the application of rates against gross proceeds of sales or gross income or values, as the case may be, as provided in the following sections.
[Emphasis added]. Miss.Code Ann. § 27-65-13 (1972).
The section of the chapter which establishes the manner of computing the tax for this particular business is Miss.Code Ann. § 27-65-23 (Supp.1986)[1] which states in pertinent part:
Upon every person engaging or continuing in any of the following businesses or activities, there is hereby levied, assessed and shall be collected a tax equal to six per cent of the gross income of the business, except as otherwise provided:
[[Image here]]
Services performed in connection with geophysical surveying, exploring, developing, drilling, producing, distributing, or testing of oil, gas, water and other mineral resources; ... [Emphasis added]
The term overhead is not found in the law, nor in the Rule promulgated by the Commission. The law, Miss.Code Ann. *429 § 27-65-23 (Supp.1986), provides that the tax is assessed and/or computed on the “gross income of the business.” In determining what is included in gross income, one must examine the statutory definition of that term. Miss.Code Ann. § 27—65—3(i) (Supp.1986) provides:
(i) “Gross income” means the total charges for service or the total receipts (actual or accrued) derived from trades, business, or commerce by reason of the investment of capital in the business engaged in, including the sale or rental of tangible personal property, compensation for labor and services performed, and including the receipts from the sales of property retained as toll, without any deduction for rebates, cost of property sold, cost of materials used, labor costs, interest paid, losses or any expense whatever.
“Gross income” shall also include the cost of property given as compensation when said property is consumed by a person performing a taxable service for the donor.
This statute defines gross income to be total gross income or receipts derived from the business without any reduction whatsoever. McGowan asserts that the definition is limited to overhead and specifically does not include receipts from the rebilling of personal property; such as, chemicals, equipment and other supplies used or consumed in performing the service. Such a position is inconsistent with that portion of the definition which provides that there shall be no deduction of cost of property sold or cost of materials used. In addition, such a position would also be inconsistent with the second paragraph of the definition which provides that gross income would also include the costs of property given as compensation when said property is consumed by a person performing a taxable service for the donor.
Prior to 1975 some confusion existed as to what was being taxed under the oil field services section of the law.
Under the rule making power authorized in Miss.Code Ann. § 27-65-93 (1972) the Tax Commission adopted Rule 72 to clarify its policy to oil field services. Therefore, on November 1, 1975, Rule 72 of Mississippi’s Sales and Use Tax Rules was adopted. This Rule provided as follows:[2]
Every person engaging in the business of performing services in connection with geophysical surveying, exploring, developing, drilling, producing, distributing or testing of oil, gas water and other mineral resources is liable for tax at the rate of 5% on gross income received except as otherwise provided. This includes persons acting as operators or performing management services for a fee in connection with developing, producing or distributing mineral resources. Where the operator owns an interest in a well under his management, he is liable for tax on compensation received from the other owners.
Any business which performs taxable services incurs business expenses which of necessity must be recovered through charges for its services. Such expenses include meals and lodging for employees, mileage, equipment rental and supplies such as chemicals, swab cups and explosives which are used or consumed in the performance of services. The term “gross income” includes charges made for recovery of these expenses and is subject to tax irrespective of the fact that they may be itemized or that the goods or services have borne a retail tax at the time of purchase.
“Gross income” from gathering and interpreting data within and without this State may be apportioned between the states if adequate records - are maintained. “Gross income” does not include receipts which constitute reimbursement by clients for cost of easements to cross or enter land of property owners or for property damage payments. In addition to services ordinarily rendered, the operator of a management company may also act as agent for well owners in arrang *430 ing for other services. In such cases, the operator is not liable for tax on receipts which represent rebilling to the owners of payments made to vendors by the operator for property purchased and services performed for owners on which the retail rate of tax has been paid to the vendors.
The gross income from oil field services performed in Mississippi is subject to the 5% sales tax rate with the following exception:
(1) Compensation received from a contract in excess of $10,000 to drill, re-drill or work over an oil well or a gas well is subject to 2V2% tax. (See rule 56).
(2) When service is performed for another dealer in the same service, the wholesale rate of Vs of 1% is applicable. Equipment purchases- or rentals and
purchases of supplies are subject to the 5% rate of tax.
Th.e rule defines gross income to include charges for recovery of expense items such as are in issue here: chemicals, equipment and other supplies used or consumed in the performance of services, irrespective of the fact that the goods or services have borne a retail tax at the time of purchase. In Getty, supra, this Court held that Rule 72 was a proper interpretation of the Legislature’s intent in taxing oil field services.
Therefore, it is clear that the position of the Commission of requiring McGowan and all other taxpayers in the business of providing oil field services to include in “gross income” or total receipts the recovery of the costs of personal property used and consumed in providing the taxable service is a proper'expression of legislative intent as interpreted by this Court.
Additionally, McGowan attacks the Commission’s position on the theory of double taxation. The Commission asserts that McGowan fails to recognize that there exists two separate taxable events. The retail dealer or vendor must pay a tax for the privilege of engaging in business in this state pursuant to Miss.Code Ann. § 27-65-17 (Supp.1986) measured by gross proceeds of retail sale, and the service business must pay the tax on its gross income or total receipts. The fact that the service business pays a sales tax when it purchases the personal property to be used in furnishing the taxable service does not exclude those items from his gross income. This is clearly established by Rule 72 and by the definition of gross income. In addition, 68 Am.Jur.2d Sales and Use Taxes § 36 at 51-52 states:
Double taxation in the prohibited sense can exist only if the subject of both taxes is the same, if both taxes are imposed upon the same property, for the same purpose, by the same state or government, during the same tax period.
[[Image here]]
There is no double taxation when two separate and distinct privileges are being taxed even though the subject matter to which each separate transaction pertains may be identical, and two separate and distinct levies under the same act on two separate and distinct entities do not constitute double taxation.
Therefore, McGowan’s assertion of double taxation is without merit.
CONCLUSION
The personal property used in performing the service has always been included in the “gross income” figure. By examining the definition of gross income, it is clear that this is an interpretation mandated by statute. This was also the opinion of the chancellor, and he was correct in his finding and is affirmed.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.
DAN M. LEE, P.J., and ZUCCARO, J., dissent.

. Miss.Code Ann. § 27-65-23 was amended in 1978, 1982, 1983 and 1984 but did not alter the manner in which a oil field service business was being taxed. The only change which affects this litigation is that on December 1, 1983, the rate of tax was increased from five per cent to six per cent.

. This rule was amended in 1983, 1984 and 1985, none of which alters the manner in which this taxpayer is being taxed.